UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


DOMINIC CASTLEBERRY,

    *Plaintiff,*                         CASE NO. 10-CV-11460

v.                                       DISTRICT JUDGE THOMAS LUDINGTON
                                         MAGISTRATE JUDGE CHARLES BINDER

DAIMLER CHRYSLER TRUCK
FINANCIAL, *aka* CHRYSLER FINANCIAL
SERVICES AMERICAS, LLC,

    *Defendant*.
_____/


**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM FOR LACK OF SUBJECT MATTER JURISDICTION**
(Doc. 62)


**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motion to dismiss Defendant's counterclaim be **DENIED**.


**II.    REPORT**

    **A.    Introduction**

By order of U.S. District Judge Thomas Ludington, this case was referred to the undersigned magistrate judge for general case management. Plaintiff filed his original *pro se* complaint against three defendants in state court and it was removed to this Court on the basis of

federal question jurisdiction, 28 U.S.C. § 1331, on April 13, 2010. Two defendants have been dismissed and the remaining defendant is Daimler Chrysler Truck Financial ("Defendant").[1]

Before the Court is Plaintiff's *pro se* motion asking the Court to dismiss Defendant's counterclaim for lack of subject matter jurisdiction. (Doc. 62.) Defendant has responded in opposition to the motion, asserting that this Court has supplemental jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367(a). (Doc. 65.) Having reviewed the briefs in the case, the Court concludes that the motion may be decided without a hearing. *See* E.D. Mich. LR 7.1(f)(2).

### B.   Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure states: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: lack of subject-matter jurisdiction . . . ." Fed. R. Civ. P. 12(b)(1). "Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) fall into two categories: facial and factual attacks." *Ashley v. U.S.*, 37 F. Supp. 2d 1027, 1029 (W.D. Tenn. 1997) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). "A facial attack challenges the sufficiency of the complaint itself." *Id.* "A factual attack, on the other hand, challenges the factual existence of subject matter jurisdiction." *Id.*

### C.   Background

In August 2007, Plaintiff took possession of a 2004 Freightliner Columbia truck from Selectrucks of Grand Rapids, Michigan, and entered into an agreement financing $48,170.00 with Defendant. (Doc. 7 at Ex. 1.) In January 2009, Plaintiff contacted Defendant "in an attempt to work out a loan modification in an attempt to obtain a lower payment due [to] higher than normal fuel

---

[1] DCTF is now known as Mercedes-Benz Financial Services USA LLC. (Doc. 42 at 1.)

prices and decline in freight volume." (Compl., Doc. 1 ¶ 12.) Defendant "refused and Plaintiff informed them that he voluntarily surrenders the vehicle and gave them location information regarding where to pick up the vehicle." (*Id.* ¶ 13.) Eleven months later, in December 2009, Plaintiff attempted to obtain credit and was denied due to his credit report "containing inaccurate account information being reported by [Defendant] that in effect lowered his credit score." (*Id.* ¶ 14.) Specifically, Plaintiff asserts that the credit reports failed "to reflect the actual date of delinquency, incorrectly report[ed] the status of the account as repossession instead of a voluntary surrender, incorrectly report[ed] Mercedes-Benz Financial as the creditor and fail[ed] to note that the consumer disputes the account." (*Id.* ¶ 22.)

Plaintiff's complaint asserts the following claims against Defendant: negligence (Count I); violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b) (Count II); violation of the FCRA, 15 U.S.C. § 1681s-2 (Count IV); violation of the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws § 445.251 et seq. (Count V); defamation (Count VI). (Doc. 1, Compl. at 6-10.)

Defendant answered the complaint and asserted a counterclaim against Plaintiff for breach of contract, seeking $29,211.41 in damages as well as attorneys' fees, court costs and expenses. (Doc. 7 at 12-15.) Defendant explained that the specific dollar amount reflected the difference between the balance due on the finance agreement at the time Plaintiff surrendered the vehicle and the proceeds from the vehicle's subsequent sale. (*Id.*)

The case was removed to this Court by then-defendant Experian Information Solutions, Inc.,[2] on the basis of the Court's federal question jurisdiction over the claims brought under the FCRA. (Notice of Removal, Doc. 1.)

---

[2] Experian was dismissed on June 9, 2010. (Doc. 16.)

3

### D.   Discussion

In his motion, Plaintiff Castleberry brings a factual attack challenging the Court's subject matter jurisdiction over Defendant's state law breach-of-contract counterclaim, arguing that jurisdiction is lacking because: (1) the parties are not diverse (Doc. 62 at 8-9); (2) FRCA 15 § 1681s-2(a) affords no private right of action (*id.* at 10); and (3) the counterclaim does not arise under the transaction or occurrence that is the subject matter of the complaint (*id.* at 10-11).

Defendant responds by asserting that the Court has federal question jurisdiction over Plaintiff's claim brought pursuant to 15 U.S.C. § 1681s-2(b), and therefore the Court may exercise supplemental jurisdiction over the counterclaim, which arises out of the same transaction. (Doc. 65 at 4.)

I suggest that Plaintiff's motion be denied because this Court has original jurisdiction over Count IV of Plaintiff's complaint – the allegation that Defendant violated 15 U.S.C. § 1681s-2(b) when it failed to conduct an investigation of disputed information and to correct, update, and provide accurate information – and therefore may exercise supplemental jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367(a).

Section 1367 of Title 28 gives federal courts supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). In *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), the Supreme Court recited four factors to assess in determining if a state law claim falls within the "same case or controversy" as the adjoining federal claim:

> (1) there must be a federal claim; (2) the relationship between the federal claim and the state claim must be such that it permits the conclusion that the entire action comprises but one case; (3) the federal claim must have sufficient substance to confer subject matter jurisdiction; and (4) the federal and state claims must derive from a common nucleus of operative fact.

*Province v. Cleveland Press Pub. Co.*, 787 F.2d 1047, 1054 n.8 (6th Cir. 1986) (citing *United Mine Workers*, 383 U.S. at 725). The Sixth Circuit Court of Appeals has stated that claims derive from a common nucleus of operative fact if they "revolve around a central fact pattern." *Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) (quoting *White v. County of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993)). Thus, as long as there is a federal claim pending before this Court, any state claims based on the same "central fact pattern" will not be dismissed because this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

I suggest that Plaintiff's claim and Defendant's counterclaim clearly derive from the same nucleus of operative fact – the August 2007 agreement between Plaintiff and Defendant financing Plaintiff's truck purchase. Stemming from that agreement, Plaintiff claims that Defendant violated its duty under the FCRA to provide the credit reporting agencies with accurate information about the finance agreement (Compl. § 57), and Defendant claims that Plaintiff violated his obligation to pay the amount due on the finance agreement. (Doc. 7 at 12-15.) Clearly these claims "revolve around a central fact pattern," *Blakely*, 276 F.3d at 861, and therefore I suggest that Plaintiff's motion be denied and that the Court exercise supplement jurisdiction over the counterclaim.

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See*

5

*also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                            s/ Charles E. Binder
                                                            CHARLES E. BINDER
Dated: November 17, 2011                    United States Magistrate Judge

## CERTIFICATION

     I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Jennie Santos Bourne and Michael Brady, served by other electronic means on Dominic Castleberry, and served on District Judge Ludington in the traditional manner.

Date: November 17, 2011                 By     s/*Jean L. Broucek*
                                                           Case Manager to Magistrate Judge Binder