**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

DOMINIC CASTLEBERRY,

        Plaintiff,

v.                                 Case No. 10-11460

DAIMLER CHRYSLER TRUCK FINANCIAL
"aka" CHRYSLER FINANCIAL SERVICES
AMERICAS, LLC,

        Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**
**AND GRANTING DEFENDANT'S MOTION TO AMEND/CORRECT JUDGMENT**

On March 23, 2010, pro se Plaintiff Dominic Castleberry filed a complaint alleging

that Defendant Daimler Chrysler Truck Financial n/k/a Mercedes-Benz Financial

Services USA LLC violated the Fair Credit Reporting Act ("FCRA") and the Michigan

Collection Practices Act ("MCPA") by reporting allegedly inaccurate information

regarding Plaintiff's delinquent loan account to various consumer reporting agencies

(CRAs), despite repeated reports of inaccuracy from Plaintiff.  Plaintiff also pleaded

state-law defamation and negligence claims arising from the same set of facts.  On April

20, 2010, Defendant filed an answer and counterclaim against Plaintiff for breach of

contract arising out of Plaintiff's admitted failure to make payments in accordance with

the loan agreement the parties enacted in August 2007.  On July 31, 2012, the court

granted Defendant's motion for summary judgment on Plaintiff's original claim and on

Defendant's counterclaim.  Thereafter, Plaintiff timely moved for reconsideration, and

Defendant filed a motion to amend or correct a clerical error in the judgment.  The

matter is ripe for review; the court will grant Defendant's motion and deny Plaintiff's motion.

## I. PLAINTIFF'S MOTION FOR RECONSIDERATION

### A. Standard

To prevail on his motion for reconsideration, Plaintiff "must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). The local rules provide that "[g]enerally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*

A motion for reconsideration should not be used to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion. *See Maiberger v. City of Livonia*, 724 F. Supp. 2d 759 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided."). The local rules encourage finality in opinions and thus discourage parties from "sandbagging" or holding back facts or arguments which could be raised in the initial round of briefing.

Plaintiff also brings his motion under Federal Rule of Civil Procedure 59(e). A district court maintains discretion when deciding a motion to amend a judgment under Rule 59(e). *Northland Ins. Co. v. Stewart Title Guar. Co.,* 327 F.3d 448, 454-55 (6th Cir. 2003). "Motions to alter or amend judgment may be granted if there is a clear error

2

of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

## B. Discussion

In analyzing Plaintiff's motion for reconsideration, the court has reviewed the original motion for summary judgment, as well as the underlying briefs and the exhibits submitted in support and opposition of the motion. The court has, again, carefully considered the arguments presented in Plaintiff's motion for reconsideration–such arguments as can be discerned–and finds no basis on which to grant the motion. Plaintiff, though arguing vehemently that a jury trial is required, has simply failed to identify any specific palpable defect in the court's order, let alone how correcting any such defect would result in a different disposition of the case.

Rather, Plaintiff presents the generality, again and again, that the court must look upon his evidence favorably and that a factual dispute must be sent to a jury. The court is well familiar with the relevant standard for addressing motions brought under Federal Rule of Civil Procedure 56, and appropriately applied those standards in the summary judgment order. Defendant met its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "Once the moving party has made that showing, the nonmoving party cannot rest on its pleadings, but must identify specific facts that can be established by admissible evidence that demonstrate a genuine issue for trial." *Highland Capital, Inc. v. Franklin Nat'l Bank*, 350 F.3d 558, 564 (6th Cir. 2003). Here,

3

Plaintiff failed to do so.

Contrary to Plaintiff's protestations, the court did not weigh the evidence to determine the truth of the matter, but rather, simply determined that the evidence produced created no *genuine* issue for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Plaintiff does not now explain how this conclusion was in error. Instead, Plaintiff reasserts arguments already considered and rejected, and discusses inapposite cases–and does so extensively, sometimes without any apparent application to the facts of this case.

A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted.  E.D. Mich. LR 7.1(h)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).  Moreover, to the extent that Plaintiff attempts to submit new evidence in support of recycled arguments, this is not allowed on reconsideration.   As the Seventh Circuit explained:

> A party seeking to defeat a motion for summary judgment is required to "wheel out all its artillery to defeat it."  *Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency*, 846 F.Supp. 677, 685 (N.D. Ill. 1994); *Ryan v. Chromalloy Am. Corp.*, 877 F.2d 598, 603-04 (7th Cir. 1989). Belated factual or legal attacks are viewed with great suspicion, and intentionally withholding essential facts for later use on reconsideration is flatly prohibited.  Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.  *In Re Oil Spill*, 794 F.Supp. 261, 267 (N.D. Ill.1992), *aff'd*, 4 F.3d 997 (7th Cir.1993) (citing *Publishers Resource v. Walker-Davis Publications*, 762 F.2d 557, 561 (7th Cir. 1985)); *see also Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986) (a motion to reconsider is not the appropriate vehicle to introduce new legal theories).

4

*Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Plaintiff is not able to avoid summary judgment simply by arguing, albeit adamantly, that Defendant's inquiry under the FCRA was not reasonable, that reasonableness is a jury question, and that the court should allow the case to proceed, "with the hope that something can be developed at trial."  *Smith v. Hudson,* 600 F.2d 60, 65 (6th Cir. 1979) (quoting *First Nat'l Bank v. Cities Serv.*, 391 U.S. 253, 289-90 (1968)); *see also Bryant v. Commonwealth of Kentucky,* 490 F.2d 1273, 1275 (6th Cir. 1974) ("[W]here the movant brings forward and supports his motion for summary judgment, his opponent may not rest merely upon his pleadings but rather must come forward to show genuine issues of fact.  Mere conclusory and unsupported allegations, rooted in speculation, do not meet that burden.").

Here, the court correctly determined that no reasonable jury could find in Plaintiff's favor on either Plaintiff's complaint or Defendant's counterclaim.  Plaintiff has failed to meet his burden on reconsideration to show any palpable defect in this conclusion.  His motion will be denied.

## II. DEFENDANT'S MOTION TO CORRECT/ALTER JUDGMENT

Also before the court is Defendant's unopposed motion to correct or amend the judgment to correct a clerical mistake.  Defendant seeks to amend the judgment to provide the amount of the judgment granted, requesting that the court enter judgment in the amount of the deficiency balance of the relevant lease, plus interest at 18% as of January 20, 2009.  Pursuant to the court's previous rulings, Defendant is contractually entitled to this result, as well as to its reasonable attorney fees and costs incurred in

seeking this amount.  Additionally, Plaintiff provides no response to this motion; the court may grant it as unopposed in addition to being meritorious.

### III. CONCLUSION

IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 86] is DENIED and Defendant's motion to amend/correct judgment [Dkt. # 88] is GRANTED.  An amended judgment will issue in the amount of $29,211.41, plus 18% interest as of January 20, 2009, for a total of $48,442.92.  Defendant's may submit its motion for attorney fees within fourteen days of the date of this order.


                           s/Robert H. Cleland
                           ROBERT H. CLELAND
                           UNITED STATES DISTRICT JUDGE


Dated:  March 20, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 20, 2013, by electronic and/or ordinary mail.


                           s/Lisa Wagner
                           Case Manager and Deputy Clerk
                           (313) 234-5522


S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-11460.CASTLEBERRY.reconsideration.judgment.RHC.wpd